UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13–1830 PA (ANx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | LHA Group, Inc. v. Y'Deen/Assocs., Architects, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – COURT ORDER

     Plaintiff LHA Group, Inc. ("Plaintiff") filed its Complaint in this Court on November 21, 2013. LHA alleges that it provided architectural services as a subcontractor to defendant Y'Deen/Associates, Architects ("Y'Deen"), on a school modernization building program for defendant Garden Grove Unified School District ("GGUSD").  According to Plaintiff's Complaint, Plaintiff's contract was terminated, and defendants breached their payment obligations, in February 2011.  Plaintiff registered for copyrights on the architectural drawing it had produced in November and December 2012.  The Complaint alleges five claims for breach of contract against Y'Deen, four claims for copyright infringement, including one claim each against Y'Deen and GGUSD, and two additional claims against the remaining defendants, claims for inverse condemnation under state and federal law against GGUSD, reverse palming-off under the Lanham Act against Y'Deen, unfair competition pursuant to California Business and Professions Code section 17200 against all defendants, and promissory fraud against Y'Deen.

     In the Court's December 27, 2014 minute order denying Plaintiff's Motion for Preliminary Injunction, the Court stated that it is not convinced that it is the proper forum for resolving Plaintiff's claims.  Specifically, Article 8 of the agreement between Plaintiff and Y'Deen provides that "any claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to the same dispute resolution provisions as set forth in the Prime Agreement [between GGUSD and Y'Deen]."  Article 8.2 contains the parties' election to proceed with "Arbitration pursuant to the terms and conditions set fort in Section 8.3 of AIA Document B101-2007.  When applying those provisions to this Agreement, 'Architect' shall be substituted for 'Owner,' and 'Consultant' shall be substituted for 'Architect.'"

     Section 8.2.4 of the agreement between GGUSD and Y'Deen, which is incorporated into the agreement between LHA and Y'Deen, provides that "the method of binding dispute resolution shall be . . . Arbitration pursuant to Section 8.3 of this Agreement."  Section 8.3 of the agreement between GGUSD and Y'Deen requires that "any claim, dispute or other matter in question arising out of or related to this Agreement subject to, but not resolved by, mediation shall be subject to arbitration . . . ."  Section 8.3.3 states that the "award rendered by the arbitrator(s) shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof."  Moreover,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 13–1830 PA (ANx) | Date | February 10, 2014 |
|---|---|---|---|
| Title | LHA Group, Inc. v. Y'Deen/Assocs., Architects, et al. | | |

to the extent that Plaintiff has asserted claims against other contractors providing services to GGUSD, section 8.3.4.2 of the agreement between GGUSD and Y'Deen allows for those parties to be joined in the arbitration at the "sole discretion" of "[e]ither party" and with the consent of the joined party.

It therefore appears that Plaintiff's claims in this action may be subject to an agreement to arbitrate. Section 2 of the Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act governs if the underlying contract facilitates interstate commercial transactions or directly or indirectly affects commerce between states. See Prima Paint Corp. v. Flood & Conklin Mfg., 388 U.S. 395, 401 n.7, 87 S. Ct. 1801, 1805, 18 L. Ed. 2d 1270 (1967). "The FAA provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting 9 U.S.C. § 4 (alteration in original) (citation omitted)). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985) (emphasis in original). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp., 207 F.3d at 1130 (citations omitted).

When a party to an agreement to arbitrate commences an action subject to an arbitration agreement, the court shall stay the action pending completion of the arbitration. 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."). Alternatively, a court may dismiss an action when an arbitration provision is "broad enough to bar all of the plaintiff's claims," and it may do so on its own motion. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

Accordingly, the parties are ordered to show cause why this case should not be stayed or dismissed without prejudice in favor of arbitration. The parties' responses to this order to show cause, which shall not exceed ten (10) pages, shall be filed no later than February 24, 2014.

IT IS SO ORDERED.